# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF CONNECTICUT
# BRIDGEPORT DIVISION

| | |
|---|---|
| In re:<br><br>HO WAN KWOK, *et al.*,[1]<br><br>                Debtors. | Chapter 11<br><br>Case No. 22-50073 (JAM)<br><br>(Jointly Administered) |
| LUC A. DESPINS, CHAPTER 11 TRUSTEE,<br><br>                Plaintiff,<br>v.<br><br><br>AVOIDANCE DEFENDANTS<br><br>                Defendants.<br><br><br><br><br><br><br>(caption continues on next page) | Adv. Proc. Nos. 24-05005, 24-05006, 24-05007, 24-05008, 24-05009, 24-05010, 24-05011, 24-05012, 24-05013, 24-05014, 24-05015, 24-05016, 24-05017, 24-05018, 24-05019, 24-05020, 24-05021, 24-05022, 24-05023, 24-05024, 24-05025, 24-05026, 24-05027, 24-05028, 24-05029, 24-05030, 24-05031, 24-05032, 24-05033, 24-05034, 24-05035, 24-05036, 24-05037, 24-05038, 24-05039, 24-05040, 24-05041, 24-05042, 24-05043, 24-05044, 24-05045, 24-05046, 24-05047, 24-05048, 24-05049, 24-05050, 24-05051, 24-05052, 24-05053, 24-05054, 24-05055, 24-05056, 24-05057, 24-05058, 24-05059, 24-05060, 24-05061, 24-05062, 24-05063, 24-05064, 24-05065, 24-05066, 24-05067, 24-05068, 24-05069, 24-05070, 24-05071, 24-05072, 24-05073, 24-05074, 24-05075, 24-05076, 24-05077, 24-05078, 24-05079, 24-05080, 24-05081, 24-05082, 24-05084, 24-05085, 24-05086, 24-05087, 24-05088, 24-05089, 24-05090, 24-05091, 24-05092, 24-05093, 24-05094, 24-05095, 24-05096, 24-05097, 24-05098, 24-05099, 24-05100, 24-05101, 24-05102, 24-05102, 24-05103, 24-05104, 24-05105, 24-05106, 24-05107, 24-05108, 24-05109, 24-05111, 24-05112, 24-05113, 24-05114, 24-05115, 24-05116, 24-05117, 24-05118, 24-05119, 24-05120, 24-05121, 24-05122, 24-05123, 24- |

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

05124, 24-05125, 24-05126, 24-05127, 24-05128, 24-05129, 24-05130, 24-05131, 24-05133, 24-05135, 24-05136, 24-05137, 24-05138, 24-05139, 24-05140, 24-05141, 24-05142, 24-05143, 24-05144, 24-05145, 24-05146, 24-05147, 24-05148, 24-05149, 24-05150, 24-05151, 24-05152, 24-05153, 24-05154, 24-05155, 24-05156, 24-05157, 24-05158, 24-05159, 24-05160, 24-05161, 24-05162, 24-05163, 24-05164, 24-05165, 24-05166, 24-05167, 24-05169, 24-05170, 24-05171, 24-05172, 24-05173, 24-05174, 24-05175, 24-05176, 24-05177, 24-05178, 24-05179, 24-05180, 24-05181, 24-05182, 24-05184, 24-05185, 24-05187 24-05189, 24-05190, 24-05191, 24-05192, 24-05193, 24-05194, 24-05195, 24-05196, 24-05197, 24-05198, 24-05200, 24-05201, 24-05202, 24-05203, 24-05204, 24-05205, 24-05206, 24-05207, 24-05208, 24-05209, 24-05210, 24-05211, 24-05212, 24-05213, 24-05214, 24-05215, 24-05216, 24-05217, 24-05218, 24-05219, 24-05220, 24-05221, 24-05222, 24-05223, 24-05224, 24-05225, 24-05226, 24-05227, 24-05228, 24-05229, 24-05230, 24-05231, 24-05232, 24-05233, 24-05234, 24-05235, 24-05236, 24-05237, 24-05238, 24-05239, 24-05240, 24-05241, 24-05242, 24-05243, 24-05244, 24-05245, 24-05246, 24-05247, 24-05248, 24-05250, 24-05251, 24-05252, 24-05253, 24-05254, 24-05255, 24-05256, 24-05257, 24-05258, 24-05259, 24-05260, 24-05261, 24-05262, 24-05263, 24-05264, 24-05265, 24-05266, 24-05267, 24-05268, 24-05269, 24-05270, 24-05271, 24-05272, 24-05274, 24-05275, 24-05276, 24-05279, 24-05280, 24-05282, 24-05286, 24-05287, 24-05288, 24-05289, 24-05290, 24-05291, 24-05292, 24-05293, 24-05294, 24-05295, 24-05296, 24-05297, 24-05298, 24-05299, 24-05300, 24-05301, 24-05302, 24-05303, 24-05304, 24-05305, 24-05306, 24-05307, 24-05308, 24-05309, 24-05310, 24-05311, 24-05313, 24-05315

-------------------------------------------------------x

**NOTICE OF FILING OF CHAPTER 11 TRUSTEE'S (I) MOTION TO FURTHER AMEND AVOIDANCE AND MEDIATION PROCEDURES ORDER BY TEMPORARILY STAYING DISCOVERY AND (II) RESPONSE TO MOTIONS TO STAY DISCOVERY FILED BY CERTAIN AVOIDANCE DEFENDANTS**

**PLEASE TAKE NOTICE** that the *Chapter 11 Trustee's (I) Motion to Further Amend Avoidance and Mediation Procedures Order by Temporarily Staying Discovery and (II) Response to Motions to Stay Discovery Filed by Certain Avoidance Defendants* [Main Case ECF No. 3659] (the "Motion") appended hereto as **Exhibit A**, was filed on October 9, 2024, in the chapter 11 case of Ho Wan Kwok (case no. 22-50073) (the "Chapter 11 Case"). Any further notices with respect to the Motion (including notices issued by the Court as to any hearings or deadlines) will issue in the Chapter 11 Case.

Dated:   October 10, 2024
         New Haven, Connecticut

By: */s/ Patrick R. Linsey*
Patrick R. Linsey (ct29437)
NEUBERT, PEPE & MONTEITH, P.C.
195 Church Street, 13th Floor
New Haven, Connecticut 06510
(203) 781-2847
plinsey@npmlaw.com

3

## **Exhibit A**

**(Avoidance and Mediation Procedures Order)**

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF CONNECTICUT
# BRIDGEPORT DIVISION

------------------------------------------------------------x
:
In re: : Chapter 11
:
HO WAN KWOK, *et al.*, : Case No. 22-50073 (JAM)
:
Debtors.[1] : Jointly Administered
:
------------------------------------------------------------x

## CHAPTER 11 TRUSTEE'S
## (I) MOTION TO FURTHER AMEND AVOIDANCE AND MEDIATION PROCEDURES ORDER BY TEMPORARILY STAYING DISCOVERY AND (II) RESPONSE TO MOTIONS TO STAY DISCOVERY FILED BY CERTAIN AVOIDANCE DEFENDANTS

Luc A. Despins, as Chapter 11 Trustee (the "Trustee") in the chapter 11 case of Ho Wan Kwok (the "Debtor"), hereby respectfully moves (the "Motion") for entry of an order, substantially in the form of the proposed order attached hereto as **Exhibit A** (the "Proposed Order"), amending and supplementing the Court's *Order Directing Parties to Mediation, Appointing the Honorable James J. Tancredi as Mediator, and Amending Order Approving Procedures Applicable to Avoidance Claim Adversary Proceedings* [ECF No. 3163] (as amended by the further orders discussed herein, the "Procedures Order") by staying discovery in all Avoidance Actions until the Court decides the Joint Brief Motions (as defined herein) and by staying discovery in certain Avoidance Actions during the pendency of other motions to dismiss.[2] In addition, the Trustee

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

[2] All capitalized terms not defined in this Motion adopt the terms defined in the Procedures Order.

responds (the "Response") to the Motions to Stay (as defined herein) filed by certain Avoidance Defendants. In support of this Motion and Response, the Trustee respectfully states the following:

## BACKGROUND

1. On February 15, 2022 (the "Petition Date"), the Debtor filed with the Court a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

2. On March 21, 2022, the United States Trustee appointed an official committee of unsecured creditors ("Committee") in this Chapter 11 Case. No examiner has been appointed in the Chapter 11 Case.

3. On June 15, 2022, the Court entered a memorandum of decision and order [ECF No. 465] (the "Trustee Order") directing the United States Trustee to appoint a chapter 11 trustee in the Chapter 11 Case. Pursuant to the Trustee Order, the United States Trustee selected Luc A. Despins as the Trustee.

4. Since his appointment, the Trustee has investigated the Debtor's financial affairs, including, among other things, claims relating to prepetition transfers of interests of the Debtor in property and postpetition transfers of property of the Debtor's chapter 11 estate (the "Estate") that were not authorized by the Court or under the Bankruptcy Code (collectively, "Avoidance Claims"). The Trustee has commenced approximately 300 Avoidance Actions to prosecute Avoidance Claims.

5. On January 29, 2024, the Court entered its Avoidance Procedures Order establishing certain procedures governing litigation of the Avoidance Actions.

6. On May 2, 2024, the Court entered its Procedures Order, amending and supplementing the Avoidance Procedures Order, including, among other things, by adopting the Mediation Procedures.

2

7. On August 28, 2024, the Court entered its *Order Amending Order Directing Parties to Mediation, Appointing the Honorable James J. Tancredi as Mediator, and Amending Order Approving Procedures Applicable To Avoidance Claim Adversary Proceedings To Facilitate Consensual Pre-Litigation And Pre-Appearance Mediation* [ECF No. 3465] (the "Pre-Litigation/Pre-Appearance Mediation Order").

8. On September 25, 2024, the court entered its *Order Further Amending Avoidance Action Procedures Order and Scheduling Joint Briefing of Motions to Dismiss and Motions for Judgment on the Pleadings* [ECF No. 3577] (the "Briefing Order"). The Briefing Order identified certain defendants in Avoidance Actions that are not participating in Mediation Proceedings and that have filed motions to dismiss currently pending before the Court (the "Non-Mediation Defendant MTDs"), as well as other defendants that intend to submit joint briefing (the "Joint Brief") on motions to dismiss or motions for judgment on the pleadings (the "Joint Brief Motions") pursuant to a schedule established by the Briefing Order (the "Briefing Schedule"). The Briefing Order identifies four issues to be addressed in the Joint Brief (the "Joint Brief Issues").

9. Most Avoidance Claims are not ready for discovery, because, among other things, (a) they are Stayed Avoidance Claims; (b) they are in Mediation Proceedings; (c) the defendants have not appeared; and/or (d) the deadline to respond to the Trustee's complaint has not yet elapsed. Approximately forty Avoidance Claims are at a stage where the parties could undertake discovery (the "Discovery-Eligible Claims") and would be affected by a stay of discovery.

10. Counsel for several Avoidance Defendants (specifically, Lawall & Mitchell, LLC, Aaron Mitchell, V.X. Cerda & Associates, P.A., The Francis Firm PLLC, Berkeley Rowe Limited, and Weddle Law PLLC) recently moved to stay discovery in their Avoidance Actions pending resolution of their Non-Mediation Defendant MTDs [Adv. Proc. No. 24-05199 ECF No. 35; Adv.

3

Proc. No. 24-05110 ECF No. 31; Adv. Proc. No. 24-05134 ECF No. 22; Adv. Proc. No. 24-05168 ECF Nos. 22 and 25; Adv. Proc. No. 24-05186 ECF No. 31; Adv. Proc. No. 24-05188 ECF No. 30] (the "Motions to Stay"). Counsel for other Avoidance Defendants (*e.g.*, Meta Platforms Inc. and Apple Inc.) have similarly informed the Trustee that they do not believe the parties should conduct discovery prior to resolution of their Non-Mediation Defendant MTDs.

**PROPOSED AMENDMENT AND SUPPLEMENT TO**
**MEDIATION PROCEDURES AND BASES THEREFORE**

11. Although the Trustee disagrees with the asserted bases for staying discovery set forth in the Motions to Stay,[3] the Trustee nevertheless agrees that temporarily pausing discovery is appropriate as to the minority of Avoidance Claims that are Discovery-Eligible Claims under the unique circumstances of this Chapter 11 Case. The Trustee proposes that the Court amend and supplement the Procedures Order to provide: (a) that all discovery in the Avoidance Actions be stayed pending the Court resolving the Joint Brief Motions; and (b) that discovery as between the Trustee and any Avoidance Defendant that has filed a Non-Mediation Defendant MTD be stayed pending resolution of such motion. The Trustee believes that a temporary stay of discovery in this manner could help conserve significant Estate resources for multiple reasons.

12. First, decisions from the Court on the Joint Brief Issues and the Non-Mediation Defendant MTDs may obviate the need for discovery from some or all of the Avoidance Defendants. This is so because if the Court rules in the Trustee's favor, and overrules the

---

[3] The Trustee disagrees wholeheartedly with, among other things, (a) the scope of discovery they intend to seek from the Trustee and other parties; and (b) their belief that they have meritorious arguments under Civil Rule 12(b)(6) that may result in dismissal of the Avoidance Claims against them. Ordinarily, the Trustee would move forward aggressively with discovery notwithstanding the pending Non-Mediation Defendants MTDs and the Joint Brief, which he has every right to do under the Civil Rules and the Procedures Order. The discovery that the Trustee will seek includes, among other things, discovery from Avoidance Defendants on issues relevant to their asserted defenses, such as those based on the theory that they gave value in good faith in exchange for transfers they received. The Trustee also notes that, contrary to statements in the Motions to Stay, the Trustee did not advise that he disagreed with a temporary stay of discovery but rather said that the Trustee would respond on this issue after the movants filed their Motions to Stay.

4

Avoidance Defendants' arguments, the Trustee believes such decisions could lead some of the Avoidance Defendants to reach settlements with the Trustee. Following any such settlements, there would obviously no longer be any need for discovery with those defendants who have settled. Conversely, if the Avoidance Defendants prevail on their arguments in the Joint Brief Issues and the Non-Mediation Defendant MTDs (which the Trustee believes they will not), such outcome would also eliminate the need for any discovery, because the litigation will be dismissed.

13. Second, a judicial resolution of some or all of the Joint Brief Issues and the issues raised in Non-Mediation Defendant MTDs would likely serve to narrow the issues in the Avoidance Actions, and, correspondingly, narrow the scope of discovery needed. For example, certain Avoidance Defendants have asserted that they are entitled to discovery, including expert discovery, regarding whether the transferor entities are alter egos of the debtor. As the Trustee has argued and will fully brief in responsive pleadings, this issue has been fully and finally adjudicated by the Court, and therefore no further discovery is appropriate.

14. In summary, the Trustee believes that this limited stay of discovery will benefit the Estate by promoting negotiated resolutions of Avoidance Claims and reducing administrative expense. There may be circumstances under which it is necessary to conduct discovery prior to the Court deciding the Joint Brief Motions or certain Non-Mediation Defendant MTDs. Under the Proposed Order, a party may request by motion that discovery be permitted as to specific Avoidance Claims should circumstances warrant.

## **NOTICE**

15. The Trustee will file notice of this Motion in all Avoidance Actions within two business days of filing the Motion.

## NO PRIOR REQUEST

16. No other or prior motion for the relief sought herein has been made to this Court or any other Court.

## RESPONSE TO MOTIONS TO STAY

17. Upon granting this Motion, the Court should deny the Motions to Stay as moot.

*[THE REMAINDER OF THIS PAGE IS INTENTIONALLY BLANK.]*

**WHEREFORE**, the Court should grant this Motion by entry of the Proposed Order, deny the Motions to Stay as moot, and grant such other and further relief as is just and proper.

Dated:   October 9, 2024
         New Haven, Connecticut

> By: */s/ Patrick R. Linsey*
>    Patrick R. Linsey (ct29437)
>    NEUBERT, PEPE & MONTEITH, P.C.
>    195 Church Street, 13th Floor
>    New Haven, Connecticut 06510
>    (203) 781-2847
>    plinsey@npmlaw.com
>
>       *and*
>
>    Nicholas A. Bassett *(*admitted *pro hac vice*)
>    PAUL HASTINGS LLP
>    2050 M Street NW
>    Washington, D.C., 20036
>    (202) 551-1902
>    nicholasbassett@paulhastings.com
>
>       *and*
>
>    Douglass Barron (admitted *pro hac vice*)
>    PAUL HASTINGS LLP
>    200 Park Avenue
>    New York, New York 10166
>    (212) 318-6690
>    douglassbarron@paulhastings.com
>
>    *Counsel for the Chapter 11 Trustee*

# EXHIBIT A

**(Proposed Order)**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION

---------------------------------------------------------------x
                                                               :
In re:                                                         : Chapter 11
                                                               :
HO WAN KWOK, *et al.*,                                         : Case No. 22-50073 (JAM)
                                                               :
         Debtors.[1]                                           : Jointly Administered
                                                               :
---------------------------------------------------------------x

**[PROPOSED] ORDER GRANTING
CHAPTER 11 TRUSTEE'S MOTION TO FURTHER AMEND AVOIDANCE AND
MEDIATION PROCEDURES ORDER BY TEMPORARILY STAYING DISCOVERY**

Upon the motion (the "Motion") of Luc A. Despins, in his capacity as Chapter 11 Trustee (the "Trustee") in the chapter 11 case of Ho Wan Kwok (the "Debtor"), for entry of an order (this "Order") further amending the Court's *Order Directing Parties to Mediation, Appointing the Honorable James J. Tancredi as Mediator, and Amending Order Approving Procedures Applicable to Avoidance Claim Adversary Proceedings* [ECF No. 3163] (as amended and supplemented by the Pre-Litigation/Pre-Appearance Mediation Order[2] and the Briefing Order, the "Procedures Order") by staying discovery in the Avoidance Actions prior to the Court deciding the Joint Brief Motions and in certain Avoidance Actions during the pendency of Non-Mediation Defendant MTDs; and the Court having found that the relief requested in the Motion is in the best interest of the Estate, its creditors, and all parties in interest; and due and sufficient notice of the Motion having been given under the particular circumstances; and it appearing that no other or

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

[2] Capitalized terms not otherwise defined in this Motion shall adopt the definitions ascribed to them in the Motion.

further notice need be given; and any objections to the relief requested herein having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED THAT:

1. The Motion is granted as set forth herein.

2. All discovery in the Avoidance Actions shall be stayed pending the Court resolving the Joint Brief Motions.

3. Discovery as between the Trustee and any Avoidance Defendant that has filed a Non-Mediation Defendant MTD shall be stayed pending resolution of such motion with respect to the Avoidance Claims at issue in such motion.

4. Any party to an Avoidance Action may request that the stay of discovery in such action be lifted upon a motion filed in the action setting forth cause.

5. The Motions to Stay filed by Lawall & Mitchell, LLC, Aaron Mitchell, V.X. Cerda & Associates, P.A., The Francis Firm PLLC, Berkeley Rowe Limited, and Weddle Law PLLC are denied as moot.

6. Except as expressly modified by this Order, the Procedures Order shall remain in full force and effect.

7. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

8. This Order shall be effective immediately upon entry.